UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DON CASH** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:21-CV-01175-RDP |
| **U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT, et. al,** | } |
| **Defendants.** | } |

**MEMORANDUM OPINION**

This matter is before the court on the following motions: John Dunnam, Integral Property Management LLC, and Egbert LJ Perry's Amended Motion to Dismiss (Doc. # 30); Marcia Fudge and United States Department of Housing and Urban Development's Motion to Dismiss (Doc. # 31); and Larry Davis, Steve Davis, Vorncella Hooks, and David Northern's Motion to Dismiss (Doc. # 33). The motions are fully briefed (Docs. # 30, 31, 33, 38, 39, 40) and ripe for decision. For the reasons provided below, the motions are due to be granted.

**I.      Background**

On November 18, 2021, the court informed Plaintiff that his complaint was subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. # 23 at 1). The court acknowledged that *pro se* pleadings are held to a less stringent standard, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but noted that this leniency does not allow the court to rewrite an otherwise deficient pleading, *Thomas v. Pentagon Federal Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010). (*Id.* at 2). Accordingly, the court ordered Plaintiff to file an amended complaint (1) that complied with Federal Rules of Civil Procedure 8(a), 8(d)(1), 10(b), and 11(b); (2) that contained no more than one discrete claim for relief in each count; (3) that contained allegations of fact to support each discrete claim; and (4) that "set forth each claim

[Plaintiff] is making against each Defendant separately, in a short, plain statement, containing allegations of fact -- the who, what, when, and where of the claim -- and referencing the statute or law under which each separate claim is brought and the relief sought under each separate claim." (*Id.* at 2-3). Additionally, the court warned Plaintiff that failure to file an amended complaint as directed may result in the dismissal of the action under Rule 12(b)(6). (*Id.* at 3).

Plaintiff filed his Amended Complaint on March 17, 2022. (Doc. # 28). The Amended Complaint is nearly indecipherable with vague references to the Fourteenth Amendment, the Civil Rights Acts of 1964, and the Fair Housing Act. (Doc. # 28 at 1, 6). The controversy appears to center around problems Plaintiff had with the air conditioner at his apartment. (*Id.* at 4-5, 8-10). Plaintiff avers that the landlord breached the responsibilities in the lease related to the maintenance of the air conditioning unit and that the landlord did not have the legal right to include a waiver of jury trial clause in the lease. (*Id.* at 6). Plaintiff also appears to be concerned with the alleged inattentiveness of the Housing Authority of the Birmingham District ("HABD") and the Department of Housing and Urban Development ("HUD"). (*Id.* at 5, 10-11).

Each Defendant responded by filing a motion to dismiss and argues (1) the Amended Complaint does not comply with the court's order to abide by the Federal Rules of Civil Procedure and (2) the Amended Complaint does not state a cause of action upon which relief can be granted. (Docs. # 30, 31, 33).

**II.   Standard of Review**

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked

2

assertion[s]" without supporting factual allegations. *Id*. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. International Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense ... to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

### III. Analysis

Plaintiff's Amended Complaint is due to dismissed because (1) it fails to abide by the court's November 18, 2021 Order and (2) it fails to state a claim upon which relief can be granted. The court again recognizes that "[p]ro se pleadings are held to a less stringent standard than

pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum* 148 F.3d at 1263. "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." *Thomas*, 393 F. App'x at 637.

In its November 18, 2021 Order, the court directed Plaintiff to abide by the following instructions:

> The Amended Complaint **SHALL** comply with Federal Rules of Civil Procedure 8(a), 8(d)(1), 10(b), and 11(b).  Each count in the Amended Complaint shall contain no more than one discrete claim for relief. The Amended Complaint must also contain allegations of fact which support each discrete claim. Specifically, Plaintiff must set forth each claim he is making against each Defendant separately, in a short, plain statement, containing allegations of fact -- the who, what, when, and where of the claim -- and referencing the statute or law under which each separate claim is brought and the relief sought under each separate claim. … Additionally, the Amended Complaint should contain the full name and, if known, the address of each person Plaintiff intends to name as a Defendant.

(Doc. # 23 at 2-3) (emphasis in original) (footnotes omitted). The Amended Complaint does not (1) include a short and plain statement of the grounds for the court's jurisdiction;[1] (2) include a short and plain statement of the claim showing that the pleader is entitled to relief; (3) consist of simple, concise, and direct allegations; (4) consist of claims in numbered paragraphs that are limited to a single set of circumstances when practicable; (5) include separate counts for claims founded on separate transactions; or (6) reference the statute or law under which separate claims are brought.

Plaintiff's failure to abide by the court's order is reason enough to grant Defendants' motions to dismiss. An alternative reason to dismiss the Amended Complaint is that it fails to state a federal cause of action upon which relief can be granted. Plaintiff vaguely references the Fourteenth Amendment, the Fair Housing Act, and the Civils Rights Act of 1964. However, the

---

[1] As the court notes below, each of Plaintiff's potential claims that arise under the Constitution, law, or treatises of the United States fail to state a claim upon which relief could be granted. Further, Plaintiff does not provide the court with the citizenship of each Defendant, so the court cannot determine from the face of the Amended Complaint that it has subject matter jurisdiction under 28 U.S.C. § 1332 to hear the breach of contract claim.

facts alleged do not present a plausible claim for relief against any Defendant under the Fourteenth Amendment, the Fair Housing Act, or the Civil Rights Act of 1964.

For example, "to prevail on a claim under the FHA, a plaintiff must demonstrate 'unequal treatment on the basis of race that affects the availability of housing.'" *Bonasera v. City of Norcross*, 342 F. App'x 581, 583 (11th Cir. 2009) (quoting *Jackson v. Okaloosa County Fla.*, 21 F.3d 1531, 1542 (11th Cir. 1994)). "A plaintiff can establish a violation under the FHA by proving (1) intentional discrimination, (2) discriminatory impact, or (3) a refusal to make a reasonable accommodation." *Id.* (citing *Schwarz v. City of Treasure Island*, 544 F.3d 1201 (11th Cir. 2008); *Hallmark Developers, Inc. v. Fulton County, Ga.*, 466 F.3d 1276, 1283 (11th Cir. 2006)). Plaintiff has not asserted facts that plausibly allege a violation of the Fair Housing Act.

While Plaintiff also appears to assert a breach of contract claim against Integral Property Management LLC, Egbert LJ Perry, and John Dunnam, federal courts are courts of limited jurisdiction. *See Mirage Resorts, Inc., v. Quiet Nacelle Corp.*, 206 F.3d 1398, 1400 (11th Cir. 2000). Plaintiff's failure to include a short and plain statement regarding the court's jurisdiction and his failure to include the citizenship of each party prevents this court from being able to determine if it has subject matter jurisdiction to hear the breach of contract claim against Integral Property Management LLC, Egbert LJ Perry, and John Dunnam.

**IV.   Conclusion**

The court understands that Plaintiff has experienced a hardship through his air conditioner breaking on several occasions during the hot Alabama summer. And, he may very well have a claim -- in state court.

Early in this case, the court referred Plaintiff to a clinic that aids veterans, but, unfortunately, they were unable to provide assistance. Here, representing himself, Plaintiff has not complied with the court's November 18, 2021 Order in several respects. In addition, a review of the face of the complaint shows that Plaintiff has (1) failed to state a federal cause of action upon

5

which relief can be granted and (2) failed to establish that the federal court has subject matter jurisdiction to hear his possible breach of contract claim against Integral Property Management LLC, Egbert LJ Perry, and John Dunnam. Accordingly, Defendants' motions to dismiss are due to be granted.

A separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this May 12, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE